CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
OCT 30 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| BRADLEY MAXWELL,<br>  Plaintiff, | Civil Action No. 7:13-cv-00556 |
| v. | **MEMORANDUM OPINION** |
| DAVID ROBINSON, et al.,<br>  Defendants. | By: Hon. Jackson L. Kiser<br>  Senior United States District Judge |

Bradley Maxwell, a Virginia inmate proceeding pro se, filed an amended complaint, pursuant to 42 U.S.C. § 1983, alleging violations of due process guaranteed by the Fourteenth Amendment of the United States Constitution. Plaintiff names various staff of the Virginia Department of Corrections ("VDOC"), Red Onion State Prison ("ROSP"), and Wallens Ridge State Prison ("WRSP") as defendants. Defendants filed a motion to dismiss, and Plaintiff responded, making this matter ripe for disposition. After reviewing the amended complaint, I grant Defendants' motion to dismiss.

### I.

On September 26, 2012, Plaintiff commenced a different civil action, Maxwell v. Clarke, No. 7:12-cv-00477 (W.D. Va. June 13, 2013), complaining that prison staff interfered with the grievance process, retaliated against him for writing grievances by filing false charges, and refused to place Plaintiff in a "privilege pod." Plaintiff also alleged that the conditions of confinement in segregation constituted cruel and unusual punishment and that VDOC policy about grooming standards violated Plaintiff's religious rights. On June 13, 2013, I awarded

summary judgment to the defendants in that action because Plaintiff had not established a violation of federal law.[1]

Plaintiff alleges in the instant amended complaint that Defendants retaliated against him at ROSP and WRSP because he filed the prior civil action and "numerous" grievances between October 5, 2012, and April 29, 2014. The alleged retaliation included filing "false" institutional charges, planting a weapon in Plaintiff's cell, convicting Plaintiff of the "false" charges, and confining Plaintiff in segregation.[2]

## II.

The court must dismiss an action or claim filed by an inmate if the court determines that the action or claim fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint after accepting all facts alleged in the complaint as true and drawing all reasonable inferences in a plaintiff's favor.[3] To survive a motion to dismiss, a complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). However, a plaintiff's basis for relief "requires more than labels and

---

[1] The Court of Appeals for the Fourth Circuit affirmed my decision on September 27, 2013. Maxwell v. Clarke, No. 13-7056, slip op. at *2 (4th Cir. Sept. 27, 2013).

[2] Plaintiff's grievances were, inter alia, about food portions, an officer delaying bringing him to work in a pod, restraints being used on him, and staff being rude. Plaintiff also attached records of disciplinary hearings, which revealed a charge was dismissed in August 2013 and that some evidence appeared in the record to support Plaintiff's institutional conviction of possessing a weapon in his cell. Although that conviction initially resulted in thirty days' segregation and the loss of thirty days' good time credit, the loss of good time credit was reversed on appeal.

[3] Consequently, Plaintiff's motion to stay discovery and Defendants' motion for a protective order are granted as discovery is premature.

2

conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[4] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

## A.

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property. Thus, to prove a violation of due process, an inmate must be able to show that the government deprived him of a liberty or property interest. See, e.g., Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, Plaintiff has not stated how he was deprived of any liberty or property interest as a result of being convicted of the "false" charges or placed in segregation. Plaintiff does not have a constitutional right to be housed in any particular prison or assigned a particular classification, and prison officials have broad discretion to determine the facility at which an inmate is housed. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that protected liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life). Plaintiff does not have a federal right to be placed in general population instead of in segregation, and a claim that prison officials have not followed their own independent policies or procedures also does not state a constitutional claim. See United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that

---

[4] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

3

Case 7:13-cv-00556-JLK-RSB   Document 43   Filed 10/30/14   Page 3 of 6   Pageid#: 315

if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

**B.**

Plaintiff also has not sufficiently described an actionable claim of retaliation. Although a prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment, retaliation claims are "treated with skepticism because 'every act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct.'" Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (quoting Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994)); see, e.g., Mount Healthy Bd. of Ed. v. Doyle, 429 U.S. 274, 287 (1977). Consequently, an inmate must present more than "naked allegations of reprisal. . . ." Adams, 40 F.3d at 74. In order to plead a claim of retaliation, Plaintiff must allege specific facts to describe "(1) the existence of a specific constitutional right; (2) the defendant's intent to retaliate for the exercise of that right; (3) a retaliatory adverse act; and (4) causation." Freeman v. Tex. Dep't of Criminal Justice, 369 F.3d 854, 863 (5th Cir. 2004).

Plaintiff does not have a constitutional right to access or file grievances pursuant to VDOC grievance policies and procedures. See Adams, 40 F.3d at 75 (recognizing there is no constitutional right to access grievance procedures). However, Plaintiff has a constitutional right to reasonable access to courts to prosecute non-frivolous legal claims. See, e.g., Christopher v. Harbury, 536 U.S. 403, 415 (2002). Plaintiff classifies the following events as retaliation for commencing the prior civil action on September 26, 2012:

4

1. On February 7, 2013, at ROSP, Defendant Swiney asking Plaintiff about the litigation;

2. On February 14, 2013, at ROSP, Officer Bellamy told Plaintiff that "filing lawsuits is snitching" before officers searched him and his cell and then planted a weapon in his cell;

3. On February 25, 2013, at WRSP, Captain Cope said to Plaintiff, "You're a lawyer now, I heard," and Sergeant Hughes and other officers asked Plaintiff about the lawsuit;

4. On August 2, 2013, at WRSP, Plaintiff asked Major Combs when he would be released from segregation, and Major Combs replied, "I'm not letting you out until the federal courts tell[] me to let you out," and Plaintiff alleges Major Combs "directly addressed my litigating nature";

5. On August 2, 2013, at WRSP, Lieutenant King asked Plaintiff if he was "still filing the lawsuit," and when Plaintiff affirmed, Lt. King said, "You're not gonna win[;] you're better off dropping it";

6. On August 21, 2013, at WRSP, Captain Cope told Plaintiff that nobody wanted Plaintiff at WRSP because he "file[s] so many complaints and lawsuits";

7. In August or September 2013 at WRSP, Lt. King told Plaintiff that filing lawsuits "only create[s] enemies"; and

8. On September 10, 2013, at WRSP, Plaintiff asked Major Combs why he was still in segregation, and Major Combs replied, "You know what you need to do to get out."

Of these allegations, the only serious one concerns the allegedly planted weapon in Plaintiff's cell after Officers Wright and Bellamy searched it. However, there was "some evidence" in the disciplinary hearing record that established Plaintiff possessed a weapon in his cell. See Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986) (holding that mere allegations of falsified evidence, without more, does not state a claim); cf. Moore v. Plaster, 266 F.3d 928, 931-33 (8th Cir. 2001) (retaliatory-discipline claim may proceed where disciplinary action is not supported by "some evidence"). Furthermore, Plaintiff was transferred from ROSP to WRSP soon thereafter, which hardly seems retaliatory because WRSP is a less-restrictive facility. Indeed, Plaintiff does not describe how the "false" charge implicated a federal right.

5

None of the other allegations related to the prior lawsuit "would likely deter a person of ordinary firmness from the exercise of [the protected] rights." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005). Staff's questions or statements, even if they could be considered verbal harassment, would not have a chilling effect on the exercise of the right to access courts, and Plaintiff does not describe even a de minimis inconvenience to that right. See, e.g., Am. Civil Liberties Union v. Wicomico Cnty., 999 F.2d 780, 785-86 & n.6 (4th Cir. 1993). Moreover, Plaintiff does not allege facts showing that the prior litigation was a substantial factor for the alleged retaliatory action. See, e.g., Hughes v. Bedsole, 48 F.3d 1376, 1386 n.11 (4th Cir. 1995). Instead, Plaintiff relies on the tenuous "temporal proximity" between filing the prior action and the eight alleged retaliatory acts during seven months, which "is simply too slender a reed on which to rest" a claim, especially since more than half the retaliation claims occurred after the civil action was resolved adversely to Plaintiff. See, e.g., Wagner v. Wheeler, 13 F.3d 86, 91 (4th Cir. 1993). Plaintiff fails to allege facts that plausibly suggest that an alleged retaliatory act would not have occurred but for the exercise of the protected right. Accordingly, the amended complaint is dismissed for failing to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, I grant Plaintiff's motion to stay discovery and Defendants' motion for a protective order and motion to dismiss.

ENTER: This 30th day of October, 2014.

*Jackson L. Kiser*
Senior United States District Judge

6